Curia, per Wardlaw, J.
These ttvo cases are alike.
Both are governed by the rules laid down in Dibble vs. Taylor, 2 Sp. 308. Both are instances of judgments signed after the defendant’s death, under the common law rule, which, if the defendant was alive at the term time when the final consideration of the Court was read, permitted that consideration to be formally entered in what is called the judgment, at any time during the vacation next ensuing ; and which, during the same vacation, permitted *394 the process of execution to be sued out, which was tested by the preceding term, and was supposed to be the act of that term.
In neither of these cases is there any need to resort to the stat. 17 Car. 2, c. 8, which extends specially, in cases where verdicts have been rendered, to the end of a second vacation, the indulgence of time for entering the judgment, which those cases, in common with other cases that, by other modes, had attained the final consideration of the court, previously had during the first vacation after the final consideration.
To neither of these cases is the statute of 8 and 9 W. 3, or our Act of 1746, applicable. Those provide for scire facias, by which judgment against the executors or administrators of the original defendant may be had, after interlocutory judgment against such defendant in his life time. A judgment against an executor or administrator has never been ranked in the administration of assets with a judgment against the testator or intestate. Wms. on Ex’ors. 729 ; 1 Salk. 42 ; 1 Wils. 243 ; 2 Saund. R. 72, m.
But in the cases before us, the judgment is against the intestate and the execution against him. Scire facias upon such judgment would be general as upon a judgment entered in the life time of the intestate; 1 Wils. 302. Of course such judgment must then be ranked as a judgment in the distribution of assets under our executors’ Act of 1789. It would otherwise be wholly anomalous and unjust to allow execution to be had of sucha judgment, as of one against the deceased, without scire facias against the executor or administrator. It is said that reference must be had to the moment of the deceased’s death to ascertain the rights of conflicting creditors, without regard to any change that may be made by matter subsequent. This in effect is done; for the entry of judgment, after the death, is only the evidence and authentication of the judgment rendered in the life time; by neglect to make this entry within the prescribed time, a plaintiff may lose the only competent evidence of what the court had done, but by making it he establishes nothing which was not before determined.
*395 The courts in England give the priority, which there belongs to judgments against the deceased, to all judgments entered under the statute 17 Car. 2, c. 8; even those entered after the first vacation, upon which no execution can be had without scire facias. See Wms. on Ex’ors. 728.
Whether we could go so far under our Act of 1789, it is useless now to consider, but judgments, like those now in question, which the law permits to be entered against the deceased, and to be enforced by process against the deceased without further enquiry, must be considered judgments in all contests between them and the representatives of the deceased, or between them and other debts of inferior grade. Between various judgment creditors, of course these, like other judgments, will, under our Act of 1789, be ranked according to' their respective dates of entry, and against purchasers they will have no avail before entry. The motion is dismissed.
Richardson, O’Neall, Evans, Butler and Frost, JJ. concurred.